**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Karl Louis Guillen, ) | No. CV 08-1279-PHX-MHM (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Gerald Thompson, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Karl Louis Guillen, who is confined in the Arizona State Prison Complex-Lewis, Rast Unit in Buckeye, Arizona, brought this civil rights action under 42 U.S.C. § 1983 against Dora Schriro, Arizona Department of Corrections (ADC) Director, and Ronolfo Macabuhay, Lewis Complex physician (Doc. #11).[1] Before the Court are Plaintiff's Motions for Preliminary Injunction (PI) (Doc. ##28-29); on June 25, 2009, the parties completed briefing on these motions (Doc. ##43, 45).

On June 29, 2009, Plaintiff submitted his Motion for Temporary Restraining Order (TRO) (Doc. #47). In this motion, Plaintiff asserts that since the filing of his reply in support of the PI motions, Defendants and their agents confiscated all of his medications, including allergy medication, pain medication, and an asthma inhaler (id. at 1-2). Plaintiff states that he had a "keep-on-person" order for these medications, which are necessary to treat

---

[1] Upon screening, the Court dismissed Thompson, Berger, Palosaari, Doe, Breummer, Johnson, Kingsland, Herman, Linderman, Hatfield, Webb, Cooper, Butryn, Smith, Rios, Kocho, Parsons, Mendoza, Sikes, Curran, Zavala, and Coleman as Defendants (Doc. #13).

allodynia, hyperalgesia, post-herpetic neuralgia, and an epilepsy/nerve condition (id.).[2] He claims that these medications are "life-sustaining" and without them, he will have an asthma attack and die (id. at 1). Plaintiff requests a TRO for the return of his medications and for pain blocker shots (id. at 2).

The facts in Plaintiff's TRO motion raise serious questions whether there is a significant threat of irreparable injury. See Farmer v. Brennan, 511 U.S. 825, 846 (1994) (courts may consider developments that post date the filing of the Complaint when determining whether injunctive relief is warranted). Therefore, the Court will order an expedited response from Defendants. Defendants must file a response—limited to the allegations in the TRO motion—within 5 days from the date of this Order. Plaintiff may file a reply within 5 days from the receipt of Defendants' response.

**IT IS ORDERED:**

(1) Within **5 days** from the date this Order is filed, Defendants must file a response to Plaintiff's Motion for TRO (Doc. #47).

(2) Plaintiff may file a reply within **5 days** from the receipt of the response.

DATED this 2nd day of July, 2009.

_____
Mary H. Murguia
United States District Judge

---

[2] Allodynia is a condition in which ordinarily nonpainful stimuli evoke pain, and hyperalgesia is extreme sensitivity to painful stimuli. Neuralgia is defined as "pain of a severe, throbbing, or stabbing character in the course of distribution of a nerve." Stedman's Medical Dictionary (27th ed. 2000).