| | |
|---|---|
| **WO** | JDN |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Karl Louis Guillen, | ) | No. CV 08-1279-PHX-MHM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Gerald Thompson, et al., | ) | |
| Defendants. | ) | |

Plaintiff Karl Louis Guillen brought this civil rights action under 42 U.S.C. § 1983 against Dora Schriro, former Arizona Department of Corrections (ADC) Director, and Ronolfo Macabuhay, Lewis Complex physician (Doc. #11).[1] Before the Court is Plaintiff's Motion for Reconsideration (Doc. #107), which seeks reconsideration of the Court's denial of preliminary injunctive relief (Doc. #91). The Court did not direct Defendants to respond to Plaintiff's motion. See LRCiv 7.2(g)(2) (no response to a motion for reconsideration is permitted unless ordered by the Court).

The Court will deny Plaintiff's Motion for Reconsideration.

**I.  Background**

Plaintiff's claims stem from his confinement in the Arizona State Prison Complex-

---

[1] Upon screening, the Court dismissed Thompson, Berger, Palosaari, Doe, Breummer, Johnson, Kingsland, Herman, Linderman, Hatfield, Webb, Cooper, Butryn, Smith, Rios, Kocho, Parsons, Mendoza, Sikes, Curran, Zavala, and Coleman as Defendants (Doc. #13).

Lewis, Rast Unit in Buckeye, Arizona (Doc. #11 at 1).[2] In his First Amended Complaint, Plaintiff alleged that in April 2008, he began to suffer pain, allodynia, and hyperalgesia (id. at 3).[3] Plaintiff claimed that he submitted numerous requests for treatment of his extreme pain from postherpetic neuralgia, which he described as "constant and unrelenting pain" and "the worst type of pain known to mankind" (id.).[4] He averred that this pain interfered with his ability to sleep, eat, exercise, and function. Plaintiff alleged that when he finally saw Macabuhay, Macabuhay informed him that treatment could only be provided for up to 7 days because there was no long-term treatment available (id. at 3-3(A)).

Plaintiff alleged that Defendants were aware that he was experiencing tachycardia, high blood pressure, and severe weight loss due to the pain (id. at 3(A)). Plaintiff further alleged that Defendants were aware that in 2005, Plaintiff was taken to the University of Arizona Pain Clinic for an epidural spinal injection to alleviate pain caused by a prior flare-up. Plaintiff contended that Schriro restricted Macabuhay's ability to effectively treat Plaintiff's condition and that both Defendants were deliberately indifferent to his serious medical condition (id.).[5]

On May 15, 2009, Plaintiff filed a Motion for Emergency Temporary Restraining Order (TRO)/Preliminary Injunction (PI) (Doc. #28). A few days later, he submitted a second Motion for Emergency TRO/PI (Doc. #29). Plaintiff's motions requested injunctive relief related to alleged retaliation, confiscation of property (including legal materials and mailing supplies), disciplinary proceedings and due process, housing placement and status, harassment and intimidation, access to the courts, and medical care (id.). On June 9, the

---

[2] On July 24, 2009, Plaintiff filed a Notice of Change of Address notifying the Court of his transfer to Eyman-Special Management Unit (SMU) I in Florence, Arizona (Doc. #76).

[3] Allodynia is a condition in which ordinarily nonpainful stimuli evoke pain, and hyperalgesia is extreme sensitivity to painful stimuli. Stedman's Medical Dictionary allodynia and hyperalgesia (27th ed. 2000).

[4] Neuralgia is defined as "pain of a severe, throbbing, or stabbing character in the course of distribution of a nerve." Stedman's Medical Dictionary neuralgia (27th ed. 2000).

[5] This claim was set forth in Count I of Plaintiff's Complaint (Doc. #11 at 3-3(A)). Plaintiff's nine other counts were dismissed for failure to state a claim (Doc. #13).

Court denied Plaintiff's requests for a TRO but ordered briefing on the PI requests (Doc. #37).

On August 14, 2009, the Court issued an Order denying Plaintiff's PI Motions (Doc. #91). The Court determined that most of the claims raised in Plaintiff's PI motions were unrelated to the claims in his First Amended Complaint (id. at 10-11). See Kaimowitz v. Orlando, 122 F.3d. 41, 43 (11th Cir. 1997) (injunction is not proper if the injunction deals with matters outside of the issues in suit); Devose v. Herrington, 42 F.3d 470, ,471 (8th Cir. 1994) (there must be a relationship between the conduct asserted in the complaint and the injury alleged in a motion for injunctive relief).

As to Plaintiff's requests for injunctive relief related to medical care, which were related to claims in the First Amended Complaint, the Court found that an injunction was not warranted because Plaintiff had in part received the relief he sought—the return of his medication (Doc. #91 at 11). With respect to Plaintiff's request for more extensive medical treatment and for mental health treatment, the Court determined that Plaintiff failed to show that he was likely to suffer irreparable harm absent an injunction (id. at 11-12). See Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (party seeking an injunction must demonstrate imminent harm).

Finally, the Court held that because Plaintiff had been transferred since filing his PI motions, it was unclear whether he was still subject to the same conditions and medical care that gave rise to requests for injunctive relief (id. at 12). See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (claims for injunctive relief become moot when an inmate is no longer subject to the conditions).

**III. Motion for Reconsideration**

    **A. Plaintiff's Motion**

Plaintiff now moves for reconsideration of the Order denying injunctive relief as it relates to his request for emergency medical treatment (Doc. #107). Plaintiff asserts that his request for reconsideration is based on new evidence and on the delay in obtaining medical files, the inability to copy and mail medical records to the Court, and the denial of an

- 3 -

1 Americans with Disabilities Act (ADA) accommodation (id. at 1-2).[6]  Plaintiff argues that
2 because the Court denied his request for a hearing on the PI motion, the Court was unable
3 to consider medical exhibits (id. at 1).  Plaintiff claims that although the Court found that
4 harm to Plaintiff was speculative, the medical records now show that harm is apparent (id.).
5 He further claims that a nurse at his housing unit referred to his condition as "'imminent
6 possibility of heart-attack or stroke' due to vitals being 'way too extreme'" (id.).

**B.	Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. <u>Defenders of Wildlife v. Browner</u>, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  See <u>Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572, 1573 (D. Haw. 1988).  Rather, reconsideration is appropriate only "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." <u>Navajo Nation v. Confederated Tribes of Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000).  Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion.  <u>Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.</u>, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**C.	Analysis**

Plaintiff does not present any grounds for reconsideration of the Court's Order. Plaintiff claims that medical records now demonstrate that harm is apparent; however, he does not submit copies of medical records or any other evidence that would support a finding of imminent harm.  Courts may accept inadmissible evidence, including hearsay, in preliminary injunction proceedings if it serves to prevent harm.  <u>Flynt Distrib. Co., Inc. v. Harvey</u>, 734 F.2d 1389, 1394 (9th Cir. 1984).  But the Court finds that the nurse's statement

---

[6] The only ADA accommodation mentioned in the record is Plaintiff's authorization to have typewriter (Doc. #11 at 5(C)).

on which Plaintiff relies is insufficient for consideration. See Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) (it is within the Court's discretion to accept hearsay when deciding a preliminary injunction motion). Plaintiff does not identify the nurse or when the statement was allegedly made, nor is the statement supported by any documentation. As such, there is no new evidence warranting reconsideration of the prior Order.

The Court notes that on the same day Plaintiff filed his Motion for Reconsideration, he also filed a "Motion for Preliminary Injunction (Medical Treatment) Based Upon New Evidence," which is supported by numerous attached exhibits (Doc. #108). In light of Plaintiff's new PI motion for medical treatment, to be addressed once briefing is completed, the request for reconsideration of the prior Order's denial of injunctive relief related to medical care is moot.

For these reasons, Plaintiff's Motion for Reconsideration will be denied.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Reconsideration (Doc. #107), and the Motion is **denied**.

DATED this 2nd day of October, 2009.

_____
Mary H. Murguia
United States District Judge