WO                                                                                              JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Louis Guillen, | No. CV 08-1279-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Gerald Thompson, et al., | |
| Defendants. | |

Plaintiff Karl Louis Guillen brought this civil rights action under 42 U.S.C. § 1983 against Dora Schriro, former Arizona Department of Corrections (ADC) Director, and Ronolfo Macabuhay, Lewis Complex physician (Doc. #11).[1]  Plaintiff alleged that Defendants were deliberately indifferent in treating Plaintiff's pain and symptoms associated with postherpetic neuralgia (id. at 3-3A).[2]

Before the Court are two of Plaintiff's motions seeking preliminary injunctive relief: "Motion for Order: Returning Journal & Legal Book" (Doc. #143) and "Request for Emergency 3-Judge Panel, Release Order, and Federal Receivership" (Doc. #154).

The Court will deny both motions.

---

[1] Upon screening, the Court dismissed 22 other individuals as Defendants (Doc. #13).

[2] The complete background facts are set forth in the Court's prior Order at Document #127.

# I. Plaintiff's Motions

## A. Motion for Order: Returning Journal & Legal Book

In his Motion for Order, Plaintiff seeks an order from the Court directing Defendant Ryan, current ADC Director, and his agents to return Plaintiff's journal, which includes a log of 2008-2009 events related to medical visits and officer information (Doc. #143). Plaintiff also seeks the return of his "Jailhouse Manual," which provides legal citations and case law information specific to prisoner issues (id.).

Defendants did not file a response to Plaintiff's Motion for Order.

## B. Request for Emergency 3-Judge Panel, Release Order, and Federal Receivership

### *1. Plaintiff's Motion*

Plaintiff requests an order from the Court placing the ADC healthcare system under federal receivership on the grounds that severe overcrowding and lack of staff have left Defendants unable to provide adequate medical care to Plaintiff (Doc. #154). He also seeks an order to convene a 3-judge panel, pursuant to 18 U.S.C. § 3626, to issue a prisoner release order so that he may be released on a medical furlough (id. at 5-6).

Plaintiff asserts that Defendants have misrepresented to the Court the serious danger posed by overcrowding (id. at 2). He maintains that ADC is 11.1% overcapacity and cannot meet basic standards for chronic and emergency medical care (id.). Plaintiff contends that, as a result, he has not received refills of prescription medication or treatment for high blood pressure, and other inmates "are dying each week" due to delays and denials of health services (id. at 2-3, 5). Plaintiff further contends that Defendants have violated their own policies related to transportation and custody placement (id. at 3-4). He states that the supermax isolation unit he is housed in presents an increasingly unbearable strain and aggravates his serious medical condition (id. at 4). Plaintiff concludes that he must be released and provided a medical furlough (id. at 5).

//
//

### *2. Defendants' Response*

In response, Defendants assert that under 18 U.S.C. § 3626(a)(3)(C), an applicant cannot request a 3-judge court unless there is a previous court order for less intrusive relief and a showing that the previous court order failed to remedy the deprivation (Doc. #172 at 2). Defendants state that here, there has been no previous court order for relief; thus, Plaintiff's request for a 3-judge panel does not meet the statutory requirements (id.).

### *3. Plaintiff's Reply*

Plaintiff replies and argues that Defendants did not respond to his claims and evidence of overcrowding and failure to treat his high blood pressure (Doc. #175). Plaintiff requests reconsideration of the Court's previous denials of injunctive relief for emergency medical treatment (id. at 2). He asserts that the Court has been repeatedly presented with "frauds" from Defendants related to medical care and alleged gambling operations (id. at 3). Plaintiff claims that Defendants are withholding medical evidence from his October 27, 2009 hospital evaluation that reflects medical personnel's concern over Plaintiff's health (id.). Plaintiff cites to his Motion for Summary Judgment and Statement of Facts to support his contention that necessary medical treatment is being denied (id. at 3-4). And he repeats his assertions that Defendants violate their own policies governing medical care, transfers, and custody issues (id. at 5).

## II. Preliminary Injunction Standard

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. Sierra On-line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). To obtain a preliminary injunction, the movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008). A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per

curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

In attempting to establish either eligibility for an injunction or that a party is not entitled to injunctive relief, the parties may rely on developments that postdate the pleadings and pretrial motions. Farmer v. Brennan, 511 U.S. 825, 846 (1994).

## III. Analysis

### A. Motion for Order

Plaintiff's Motion for Order simply sets out his request for the return of his journal and "Jailhouse Manual" (Doc. #143). Plaintiff fails to allege any facts demonstrating that an injunction in warranted. There is no showing that he is likely to succeed on the merits, likely to suffer irreparable harm, or that the balance of equities tips in his favor. Winter, 129 S. Ct. at 374. Consequently, his Motion for Order will be denied.

### B. Request for 3-Judge Panel, Release Order, and Federal Receivership

Under 18 U.S.C. § 3626(a)(3), a court cannot enter a prisoner release order unless

> (i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and
>
> (ii) the defendant has had a reasonable amount of time to comply with the previous court orders.

In this case, the Court has not previously entered an order for relief; thus, it cannot issue a release order.

With respect to Plaintiff's request for an order placing the ADC healthcare system under federal receivership, Plaintiff has not made the required showing for such a widespread, mandatory injunction. There is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. Dahl v. HEM Pharms. Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are subject to heightened scrutiny). The Ninth Circuit has held that this type of mandatory injunctive relief is disfavored and should be denied unless the facts and law clearly favor the movant. Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979) (citations omitted).

To support his claims that "[i]nmates are dying each week," and that overcrowding has led to "inmate suffering, . . . suicides [and] deaths," Plaintiff cites to paragraphs 12 and 14 in his Statement of Facts filed in support of his summary judgment motion (Doc. #154 at 5, citing "PSOF ¶ 12, 14"). But these paragraphs in his Statement of Facts do not mention inmate suicides or deaths; rather, they set forth that Plaintiff and other inmates have to wait months for care and Plaintiff has not received any pain medications for over a year (Doc. #162 ¶¶ 12, 14). Even taking these statements as true, they are insufficient to support a drastic, mandatory measure such as appointing a federal receivership to oversee prison healthcare. See 18 U.S.C. § 3626(a)(1)(B) (preliminary injunctive relief must be narrowly drawn and the least intrusive means necessary).

Moreover, Plaintiff has recently filed a declaration specifically stating that in January and February 2010, he received epidural injections for pain, and he is currently taking Methadone for pain, as well as Gabapentin—an anti-seizure medication—and he receives Lidocaine patches for topical skin pain (Doc. #176 at 1-2). On this record, Plaintiff cannot show that he is currently likely to suffer an irreparable injury. See Am. Trucking, 559 F.3d at 1052 (injunction not warranted "merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be"). He therefore is not entitled to injunctive relief or an order for a federal receivership.

Plaintiff's request for reconsideration of a prior Order related to medical-injunctive relief is improperly raised in his reply memorandum. Arguments or requests for relief presented for the first time in the reply will not be considered. See Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1021 n. 4 (9th Cir. 2005). The Court notes that Plaintiff submitted a separate motion for reconsideration (Doc. #129), which is addressed in a separate Order.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's "Motion for Order: Returning Journal & Legal Book" (Doc. #143) and "Request for Emergency 3-Judge Panel, Release Order, and Federal Receivership" (Doc. #154).

(2) Plaintiff's "Motion for Order: Returning Journal & Legal Book" (Doc. #143) and

"Request for Emergency 3-Judge Panel, Release Order, and Federal Receivership" (Doc. #154) are **denied**.

DATED this 24th day of March, 2010.

Mary H. Murguia
United States District Judge