| | |
|---|---|
| **WO** | JDN |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Louis Guillen, | No. CV 08-1279-PHX-MHM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Gerald Thompson, et al., | |
| Defendants. | |

Plaintiff Karl Louis Guillen brought this civil rights action under 42 U.S.C. § 1983 against Dora Schriro, former Arizona Department of Corrections (ADC) Director, and Ronolfo Macabuhay, Lewis Complex physician (Doc. #11).[1] Plaintiff alleged that Defendants were deliberately indifferent in treating Plaintiff's pain and symptoms associated with postherpetic neuralgia (id. at 3-3A).[2]

Before the Court is Plaintiff's "Emergency Notice and Request for TRO/PI" (Temporary Restraining Order/Preliminary Injunction) (Doc. #166), which Defendants oppose (Doc. #174).[3]

The Court will deny Plaintiff's request for injunctive relief.

---

[1] Upon screening, the Court dismissed 22 other individuals as Defendants (Doc. #13).

[2] More complete background facts can be found in the Court's prior Orders at Document ##127 or 188.

[3] Also before the Court is Defendants' Motion for Summary Judgment (Doc. #135), which is fully briefed and currently under consideration.

I.     **Plaintiff's Emergency Notice and TRO/PI Request**

   A.     **Plaintiff's Contentions**

Plaintiff alleges that in January 2010, he received some of his legal boxes from the property officer, but the officer did not inspect the boxes upon delivery as required under ADC policy (Doc. #166 at 2). Plaintiff avers that when he opened one box, he found that documents had been shredded and eaten by mice and there was mice excrement within the papers (id.). Plaintiff states that his immediate concern was the possibility of exposure to Hanta Virus infection (id.). His requests for the box to be removed from his cell were not responded to, so the box was left in his cell for approximately 11 hours (id.). Plaintiff states that, finally, a correctional officer inspected the box, documented the damage and excrement in the papers, and removed the box (id.). Plaintiff wrote to Sergeant Sturm and Deputy Warden Carrillo to inquire about recovering his documents and if necessary, obtaining replacement copies from the court; there was no response from Sturm or Carrillo (id. at 3). Plaintiff alleges that these officials, along with Assistant Deputy Warden Cluff, intended to cause harm and were deliberately indifferent to Plaintiff's medical condition when they introduced the Hanta Virus into Plaintiff's cell (id.). He further alleges that this act is part of a pattern of actions by Defendants and their agents to deny Plaintiff legal access to the courts (id. at 3-4). Plaintiff states that the whereabouts of his legal box are unknown, and it is unknown whether Plaintiff contracted Hanta Virus (id. at 5). Plaintiff avers that there has been no response to his requests to see medical personnel (id.).

In his motion, Plaintiff specifically requests that the Court issue an Order directing Defendants to test him for Hanta Virus infection; to inspect Plaintiff's legal box with a Hanta Virus specialist, in Plaintiff's presence and with the appropriate hazardous-material clothing; and to examine all his other legal boxes for further infestation and determine the replacement costs of any destroyed documents (id. at 1, 5-6). Plaintiff asks that the Court direct Defendants to remove all of Plaintiff's legal storage boxes from the area where this box was infested and have experts eradicate the mice (id. at 5-6). He also asks that all property officers at the facility be prevented from handling Plaintiff's property (id. at 6). Finally,

Plaintiff requests that he be released to home arrest if it is determined that Defendants attempted to cause him harm or irreparable injury (id.).

With his motion, Plaintiff submits copies of two different inmate letters he filed concerning the damage to his legal box and a copy of his Inmate Property Inventory form (id., Attachs.).

### B. Defendants' Response

Defendants oppose Plaintiff's request for injunctive relief and contend that Plaintiff's allegations and his accompanying inmate letters show that when excrement was found in his legal box, officials responded and removed it (Doc. #174 at 3). They further contend that there is no showing that Plaintiff is in danger of missing a legal deadline, that he will suffer immediate and irreparable harm, or that Defendants are acting with deliberate indifference to Plaintiff's medical needs (id.).

Plaintiff did not file a reply.

## II. Preliminary Injunction

### A. Legal Standard

To obtain a preliminary injunction, the movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008). A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

A court may not issue an injunction against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Further, a party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment

medical-care claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim); see also Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

### B. Analysis

Plaintiff's claim against Schriro and Macabuhay is a medical-care claim under the Eighth Amendment, which cannot provide a basis for injunctive relief against retaliation or for property or sanitation claims. See Devose, 42 F.3d at 471. Further, to the extent that Plaintiff seeks an injunction against individuals other than Defendants, his request is improper. See Zenith Radio Corp., 395 U.S. at 110.

Even assuming that Plaintiff's PI/TRO request was related to the underlying medical-care claim, Plaintiff fails to demonstrate that he is likely to suffer an irreparable injury. As noted by Defendants, Plaintiff makes no showing that exposure to the box has placed him at risk of suffering irreparable harm (Doc. #174 at 3). Plaintiff's assertion that he may have been exposed to the Hanta Virus is too speculative to entitle him to injunctive relief. See Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (injunction not warranted "merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be"). Nor has Plaintiff demonstrated that the removal of his box will likely cause an injury, such as missing a legal deadline. See Lewis v. Casey, 518 U.S. 343, 348-49 (1996) (access-to-court claim requires showing of actual injury, such as the inability to present a claim or to meet a filing deadline).

Finally, Plaintiff's request for relief is too broad to properly incorporate into a preliminary injunction, which must be "narrowly drawn [and] extend no further than necessary to correct the harm the court finds requires preliminary relief . . . ." 18 U.S.C. § 3626(a)(2).

For these reasons, Plaintiff's request for a TRO/PI will be denied.

//
//
//
//

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Emergency Notice and Request for TRO/PI (Doc. #166).

(2) Plaintiff's Emergency Notice and Request for TRO/PI (Doc. #166) is **denied**.

DATED this 3rd day of May, 2010.

_____
Mary H. Murguia
United States District Judge