**WO**                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Karl Louis Guillen,                    )   No. CV 08-1279-PHX-MHM
                                       )
       Plaintiff,              )   **ORDER**
                                       )
vs.                                    )
                                       )
Gerald Thompson, et al.,               )
                                       )
       Defendants.             )
                                       )

On June 24, 2010, the Court granted summary judgment in this action and entered Judgment for Defendants (Docs. 196-197). Before the Court is Plaintiff's Motion for Reconsideration of the Court's Summary Judgment Order (Doc. 199). The Court did not direct Defendants to file a response.[1]

The Court will deny Plaintiff's motion.

**I.     Background**

Plaintiff's claims stem from his confinement in the Arizona State Prison Complex-Lewis, Rast Unit in Buckeye, Arizona (Doc. 11 at 1). In his First Amended Complaint, Plaintiff named as Defendants Dora Schriro, former Arizona Department of Corrections (ADC) Director, and Ronolfo Macabuhay, Lewis Complex physician (id.).[2]

---

[1] Under Local Rule of Civil Procedure 7.2(g)(2), no response to a motion for reconsideration shall be filed unless ordered by the Court.

[2] Upon screening, the Court dismissed 22 other individuals as Defendants (Doc. 13).

Plaintiff alleged that in April 2008, he began to suffer pain, allodynia, and hyperalgesia (id. at 3).³ He alleged that he repeatedly requested treatment for his extreme pain from postherpetic neuralgia, but when he was finally seen on May 18, 2008, Macabuhay informed him that treatment could only be provided for up to 7 days because there was no long-term treatment available (id. at 3-3(A)).⁴ Plaintiff alleged that Defendants were deliberately indifferent to his serious medical condition (id.).⁵

Defendants moved for summary judgment on the grounds that they were not deliberately indifferent to Plaintiff's serious medical needs and they were entitled to qualified immunity (Doc. 135). The Court found that as to Macabuhay, Plaintiff failed to establish individual fault, and, at most, demonstrated a disagreement with some of Macabuhay's treatment decisions, which was insufficient to preclude summary judgment (Doc. 196 at 16). With respect to Schriro, the Court found that there was no evidence of personal participation to support an individual-capacity claim, nor was there evidence to support that Schriro implemented or failed to remedy an unlawful policy governing medical care or the operation of prison pharmacies (id. at 16-20). Thus, the Court found no material factual disputes that Defendants were deliberately indifferent and granted the Motion for Summary Judgment (id.).

## II.     Motion for Reconsideration

Plaintiff seeks reconsideration on the basis that the Court violated Supreme Court Law and the Rules of Civil Procedure when it took as true Defendants' evidence and failed to take as true Plaintiff's evidence, which directly disputed all of Defendants' alleged facts (Doc. 199 at 1). Plaintiff asserts that the Court improperly weighed the evidence and relied on

---

³Allodynia is a condition in which ordinarily nonpainful stimuli evoke pain, and hyperalgesia is extreme sensitivity to painful stimuli. Stedman's Medical Dictionary allodynia and hyperalgesia (27th ed. 2000).

⁴Neuralgia is defined as "pain of a severe, throbbing, or stabbing character in the course of distribution of a nerve." Stedman's Medical Dictionary neuralgia (27th ed. 2000).

⁵This claim was set forth in Count I of Plaintiff's Complaint (Doc. 11 at 3-3(A)). Plaintiff's nine other counts were dismissed for failure to state a claim (Doc. 13).

Defendants' subjective declarations (id. at 2). He further asserts that although the Court stated that Macabuhay saw Plaintiff over 14 times from May 2008 to July 2009, it ignored the "undeniable fact" that Plaintiff did not receive adequate medical care until February 2010 (id.). Plaintiff argues that given the evidence of his declining health and the "de facto torture" and illegal transfers he endured, as well as financial records showing the decreases in funding for healthcare, the Court should have been shocked (id. at 2-3). He notes that his affidavit—which relied upon medical evidence, reports, and studies—countered each and every one of Defendants' Statements of Facts, thereby precluding summary judgment (id. at 3-4).

Plaintiff also maintains that the Court's conclusion that certain aspects of the health care system were "beyond Macabuhay's control" does not support summary judgment because Macabuhay saw Plaintiff numerous times and could have provided adequate medical treatment (id. at 3). Plaintiff states that the Court failed to note the "truck loads" of evidence against the movants, and suggests that the Court's Order was anti-inmate and was the "politically safe" ruling (id. at 4). He concludes by requesting that the Court reconsider and reverse its ruling, set the matter for trial, and appoint counsel to represent Plaintiff (id. at 4-5).

### III.    Legal Standard

A motion to alter or amend a judgment must be made within 28 days of entry of judgment. Fed. R. Civ. P. 59(e) (2010). Here, judgment was entered on June 24, 2010, and the present motion was signed and thus filed on July 4, 2010 (Doc. 199 at 5). The motion is therefore timely under Rule 59(e) and should be considered under that rule as opposed to Rule 60(b). Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within" the time provided under the rule).[6]

---

[6]On December 1, 2009, the time to file a Rule 59(e) motion was extended from 10 days to 28 days. Compare Fed. R. Civ. P. 59(e) (2009) with Fed. R. Civ. P. 59(e) (2010).

A Rule 59(e) motion is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 n. 1 (9th Cir. 2005) (quoting Sch. Dist. No 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

**IV. Analysis**

Plaintiff does not present any newly discovered evidence or cite to an intervening change in controlling law. Rather, his motion rests on the claim that the Court committed clear error by failing to take all of Plaintiff's alleged facts as true.

Plaintiff is correct that in the summary judgment analysis, the Court may not engage in credibility determinations or weigh the evidence, and it must believe the nonmovant's evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact. Thornhill Publ'n Co., Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Nor is disagreement or the bald assertion that a genuine issue of material fact exists enough to preclude summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989).

In its Summary Judgment Order, the Court specifically noted that Plaintiff's conclusory allegations in his affidavit were insufficient to prevent summary judgment (Doc.

- 4 -

1  196 at 16, citing Hutchinson v. United States, 838 F.2d 390, 393 (9th Cir. 1988) (granting summary judgment against a plaintiff who relied only on her own allegations and conclusory statements that defendants had been negligent and who failed to provide affidavits or depositions of experts)). The Court further found that specific evidence proffered to support Plaintiff's affidavit statements was not competent evidence (id.). And it noted that the declarations from other inmates, which Plaintiff submitted to show that inmates had to wait for months for medical care, were not supported by documentary evidence and that the evidence Plaintiff did submit failed to support his claims (id. at 18).

Plaintiff's Motion for Reconsideration fails to present any arguments to show that these findings regarding Plaintiff's affidavit statements and proffered evidence were incorrect. His contention that the Court should have accepted every one of his statements of facts regardless of whether they were supported by competent evidence is untenable. See Fed. R. Civ. P. 56(e); Harper, 877 F.2d at 731.

Plaintiff's motion cites just one specific portion of the Summary Judgment Order that he apparently found incorrect (Doc. 199 at 3). He cites to a line in the Order indicating that Macabuhay "wrote prescriptions" (id., citing Doc. 196 at 15). But Plaintiff does not explain why it was error for the Court to construe from the record that Macabuhay wrote prescriptions. Indeed, the Court noted that "Plaintiff does not dispute that he saw Macabuhay regularly from 2007-2009, or that Macabuhay provided the treatment described in his declaration"; treatment that included prescriptions (Doc. 196 at 15-16, citing Doc. 160, Ex. 1, Pl. Aff. ¶¶ 9, 11; see Doc. 136, Ex. B, Macabuhay Decl. ¶¶ 30, 32-36, 39, 42). And in his affidavit, Plaintiff averred that Macabuhay wrote prescriptions for various medications, but that some of those prescriptions were not filled by the ADC pharmacy (Doc. 160, Ex. 1, Pl. Aff. ¶ 11).

The remainder of Plaintiff's motion expresses general disagreement with the Court's Order and repeats arguments made in opposition to summary judgment. These are insufficient grounds for reconsideration. See Motorola, 215 F.R.D. at 586; Leong, 689 F. Supp. at 1573.

In sum, Plaintiff presents nothing to warrant reconsideration of the Summary Judgment Order. The Court will therefore deny his motion.

**IT IS ORDERED denying** Plaintiff's Motion for Reconsideration. (Doc. 199)

DATED this 10th day of August, 2010.

_____
Mary H. Murguia
United States District Judge